Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL III

| | | |
|---|---|---|
| BERNARD MAISONET MARTÍNEZ<br><br>Peticionario<br><br>V.<br><br>SECRETARIO DE HACIENDA Y OTROS<br><br>Recurridos | KLCE202300198 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Aguadilla<br><br>Caso Núm. 07-2022<br><br>Sobre: *Mandamus* |

Panel integrado por su presidente, el Juez Figueroa Cabán, la Jueza Grana Martínez y el Juez Rodríguez Flores

Grana Martínez, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 31 de marzo de 2023.

El peticionario, señor Bernard Maisonet Martínez presentó ante este tribunal recurso de revisión judicial. Aunque fue acogido y numerado como recurso de certiorari, se trata de la revisión judicial de una determinación administrativa. Conforme a ello, aunque conservará su numeración, atenderemos el recurso según la normativa relativa a las revisiones judiciales de los foros administrativos. Así las cosas, detallamos los hechos esenciales para comprender nuestra determinación.

II

El señor Maisonet Martínez, se encuentra confinado en una Institución Correccional. En su recurso no presenta ningún señalamiento de error. Incumple así con la regla 59 del Reglamento del Tribunal de Apelaciones. 4 LPRA Ap. XXII-B. En lo pertinente esta regla dispone que todo recurso de revisión contendrá:

...

(e) Un señalamiento breve y conciso de los errores que a juicio de la parte recurrente cometió el organismo,

agencia o funcionario recurrido o funcionaria recurrida.

...

Aun cuando Maisonet Martínez no presento señalamiento de error en su escueto recurso de revisión judicial, solicita ordenemos al Secretario de Hacienda entregarle los $3,200 del estímulo económico otorgado por el Gobierno Federal durante la Pandemia del Covid19. Relata que hizo una petición de Mandamus al Tribunal de Aguadilla para que obligara al Secretario de Hacienda a desembolsar la ayuda a su nombre. Los documentos que acompañó como apéndice sugieren que el recurso presentado en el Tribunal de Primera Instancia fue desestimado por falta de interés.

No obstante, del apéndice del escrito surge Respuesta del Área Concernida del 10 de enero de 2022, la cual dispone lo siguiente:

> En respuesta a la solicitud de remedios del Sr. Bernard Maysonet Martínez le informamos lo siguiente: Los documentos relacionados con el estímulo económico fueron trabajados por las Áreas de Trabajo Social en el Departamento de Corrección y enviados al Departamento de Hacienda. El Departamento de Hacienda está trabajando con la documentación recibida y ha comenzado el envío de los cheques de estímulo económico. Aun no se ha recibido la totalidad de estos.

### III

### LA JURISDICCIÓN

La jurisdicción es el poder o autoridad de los tribunales para considerar y decidir casos y controversias. La falta de jurisdicción de un tribunal incide directamente sobre el poder mismo del tribunal para adjudicar una controversia y sus consecuencias son las siguientes: (1) no puede subsanarse, (2) las partes no pueden conferírsela voluntariamente al tribunal y este tampoco puede arrogársela, (3) conlleva la nulidad de los dictámenes emitidos, (4) impone a los tribunales el deber ineludible de auscultar su propia jurisdicción, (5) obliga a los tribunales apelativos a examinar la jurisdicción del foro de donde procede el recurso y (6) puede

presentarse en cualquier etapa del procedimiento a instancia de las partes o por el tribunal motu proprio. El Tribunal Supremo de Puerto Rico ha sido enfático en que los tribunales tienen que ser celosos guardianes de su jurisdicción y en que no tienen discreción para asumirla cuando no la tienen. Por eso, es norma reiterada que las cuestiones de jurisdicción son de índole privilegiadas y deben ser resueltas con preferencia. Cuando un tribunal determina que no tiene jurisdicción está obligado a desestimar inmediatamente el recurso apelativo, conforme lo ordenado en las leyes y reglamentos aplicables al perfeccionamiento de los recursos. *Allied Management Group Inc. v. Oriental Bank,* 204 DPR 374, 386-387 (2020); *JMC Investment v. ELA et al,* 203 DPR 708, 714-715 (2019); *Torres Alvarado v. Madera Atiles,* 202 DPR 495, 499-501 (2019).

### EL PERFECCIONAMIENTO DE LOS RECURSOS

Nuestro ordenamiento jurídico reconoce el derecho de los ciudadanos a solicitar revisión de las decisiones de un organismo inferior. Sin embargo, ese derecho está sujeto a las limitaciones legales y reglamentarias pertinentes. Una de esas limitaciones, es el correcto perfeccionamiento de los recursos. El Tribunal Supremo local ha dejado claro que las disposiciones reglamentarias que rigen el perfeccionamiento de los recursos tienen que observarse rigurosamente. Por esa razón, su cumplimiento no puede quedar al arbitrio de las partes o de sus abogados. *Isleta Marina LLC v. Inversiones Isleta Marina Inc.,* 203 DPR 585, 590 (2019).

En *Montañez Leduc v. Robinson Santana,* 198 DPR 544, 549-551 (2017), nuestro más Alto Foro local enfatizó que el incumplimiento con las reglas de los tribunales apelativos puede impedir la revisión judicial. No obstante, las disposiciones reglamentarias deben interpretarse de forma que propicien un sistema de justicia accesible a la ciudadanía, que las controversias se atiendan en los méritos y que se reduzca el número de recursos

desestimados por defectos de forma o notificación y que no afecten los derechos de las partes. *Isleta Marina LLC v. Inversiones Isleta Marina Inc.,* supra; Artículo 4.004 de la Ley de la Judicatura, Ley Núm. 201-2003, según enmendada, 4 LPRA 24w; Regla 2 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B.

La Regla 57 del Reglamento del Tribunal de Apelaciones dispone que el término para apelar una sentencia en un caso de revisión administrativa es de treinta días, a partir de la fecha del archivo en autos de la copia de la notificación de la orden o resolución final del organismo o agencia. Este término es jurisdiccional.

IV

El craso incumplimiento del peticionario con las disposiciones reglamentarias que gobiernan el perfeccionamiento de los recursos nos obliga a ordenar la desestimación por falta de jurisdicción. El peticionario no incluyó en su recurso un solo señalamiento de error. Su única alegación es una súplica para que obliguemos al Departamento de Hacienda a entregarle los fondos, porque los necesita. La súplica por sí sola es insuficiente en derecho para provocar una revisión. Tampoco tenemos ante nosotros un apéndice detallado que nos permita acreditar las gestiones que se hicieron ante el foro administrativo y de esa manera constatar nuestra propia jurisdicción para atender el asunto.

En fin, el craso incumplimiento de Maisonet Martínez no nos permite otro remedio. El único documento relacionado con el Departamento es la Respuesta del Área Concernida del 10 de enero de 2022, habiéndose presentado el recurso ante nuestra consideración el 28 de febrero de 2023, sustancialmente después del término de 30 días dispuesto para acudir en revisión judicial. Por otro lado, si lo que pretende Maisonet Martínez es que revisemos la determinación del foro primario de desestimar su petición de

Mandamus por inactividad al incumplir el recurrente con una orden del 26 de mayo de 2022 tampoco se nos coloca en posición de así hacerlo. Como mencionáramos anteriormente, la ausencia de documentos vitales en el apéndice ni siquiera nos permite asumir jurisdicción, al desconocer el efecto procesal en la cadena de eventos. Por último, la carencia de un señalamiento de error detallado, sustentado con una base de hechos y derecho, nos imposibilita ejercer nuestra autoridad.

V

Por los fundamentos expresados, se desestima el recurso por falta de jurisdicción ante el craso incumplimiento con las disposiciones del Reglamento del Tribunal de Apelaciones.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís<br>
Secretaria del Tribunal de Apelaciones